## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| **JAVIER GARZA, on Behalf of Himself** | § | |
| **and on Behalf of All Others Similarly** | § | |
| **Situated,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | **CIVIL ACTION NO.** |
| **V.** | § | |
| | § | **JURY TRIAL DEMANDED** |
| **FUSION INDUSTRIES, LLC,** | § | |
| | § | |
| **Defendant.** | § | |

## PLAINTIFF'S ORIGINAL COMPLAINT
## CLASS AND COLLECTIVE ACTION

1.     Defendant Fusion Industries, LLC ("Defendant") required Plaintiff Javier Garza ("Plaintiff") to work more than forty hours in a workweek without overtime compensation. Defendant misclassified Plaintiff and other similarly situated workers as independent contractors instead of as employees.  By misclassifying them as independent contractors, Defendant illegally denied Plaintiff and the proposed Class Members compensation at time and one half their regular rates of pay for all hours worked over 40 in a workweek.

2.     Defendant's conduct violates the FLSA, which requires non-exempt employees to be compensated for all hours in excess of forty in a workweek at one and one-half times their regular rates of pay. *See* 29 U.S.C. § 207(a).  On behalf of himself and all other similarly situated employees, Plaintiff brings this action as a collective action under the FLSA, 29 U.S.C. § 216(b). Members of the collective action are referred to as the "FLSA Class Members."

3.     Plaintiff worked for Defendant in New Mexico.   Just as Defendant's misclassification of Plaintiff violates the FLSA, so too does that misclassification independently violate the state laws of New Mexico.  As such, Plaintiff brings claims under the New Mexico

1

Minimum Wage Act ("NMMWA"), N.M. Stat. Ann. § 50-4-22 et seq. Members of the New Mexico class are hereinafter referred to as the "New Mexico Class Members."  The FLSA Class Members and the New Mexico Class Members shall be jointly referred to as the "Class Members."

## SUBJECT MATTER JURISDICTION AND VENUE

4.   This Court has jurisdiction over the subject matter of this action under 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

5.   This Court also has supplemental jurisdiction over the state law claims raised herein pursuant to 28 U.S.C. § 1367 because those claims do not raise novel or complex issues of state law and because those claims derive from a common nucleus of operative facts from which the FLSA claims stated herein derive.  Namely, the failure of Defendant to pay overtime due to a common pay practice of misclassifying its welder workforce as independent contractors.

6.   Venue is proper in this District because Defendant does a significant portion of its business in this District and many of the wrongs herein alleged occurred in New Mexico.

## PARTIES AND PERSONAL JURISDICTION

7.   Plaintiff Javier Garza is an individual residing in Porter, Texas.  Plaintiff's written consent to this action is attached hereto as Exhibit "A."  Plaintiff performed work for Defendant in New Mexico within three years of filing his Original Complaint.

8.   The FLSA Class Members are all current and former welders who were paid on an hourly rate basis and were classified as independent contractors by Defendant at any time during the three-year period before the filing of this Complaint.

9.   The New Mexico Class Members are all current and former welders who were paid on an hourly rate basis, were classified as independent contractors by Defendant, and who worked

in New Mexico for at least one week during the three-year period before the filing of this Complaint.

10.     Defendant Fusion Industries, LLC is a foreign limited liability company organized under the laws of Oklahoma.  Said Defendant can be served with process by serving its registered agent, the McAlister & McAlister Law Firm, P.C., at 15 E. 15th St., Suite 200, Edmond, OK 73013.

**COVERAGE**

11.     At all material times, Defendant has been an employer within the meaning of 3(d) of the FLSA.  29 U.S.C. § 203(d).

12.     At all material times, Defendant has been an employer within the meaning of N.M. Stat. Ann. § 50-4-21(B).

13.     At all material times, Defendant has been an enterprise within the meaning of 3(r) of the FLSA.  29 U.S.C. § 203(r).

14.     At all material times, Defendant has been an enterprise or enterprise in commerce or in the production of goods for commerce within the meaning of 3(s)(1) of the FLSA because Defendant has had and continues to have employees engaged in commerce. 29 U.S.C. § 203(s)(1).

15.     Furthermore, Defendant has an annual gross business volume of not less than $500,000.

16.     At all material times, Plaintiff and Class Members were employees who engaged in commerce or in the production of goods for commerce as required by 29 USC §§ 206-207.

17.     At all material times, Plaintiff and the New Mexico Class Members were employees of Defendant with the meaning of N.M. Stat. Ann. § 50-4-21(C).

### FACTS

18.     Defendant is a company that provides services to the oil and gas industry.  In particular, Defendant's website states: "At Fusion Industries we design and engineer unique, cost effective, and innovative solutions for the oil and gas industry. From turnkey EP&C projects to custom one of a kind designs, Fusion Industries embraces the philosophy of doing whatever it takes to meet your company's needs." (*See* http://www.fusion-ind.com/about/fusion-engineering/, last visited January 23, 2020).

19.     To perform its services, Defendant utilized welders to work on various oil and gas equipment, including rigs and compressors.

20.     Defendant classified these welders as independent contractors.

21.     Defendant used these welders across the country, including in Texas, New Mexico, North Dakota, and Pennsylvania.

22.     Plaintiff performed work for Defendant as a welder from approximately January 2018 to August 2018.  Plaintiff performed welding services on various oil and gas equipment, including on oil rigs and compressors.  Plaintiff was paid on an hourly rate basis by Defendant.

23.     Plaintiff was classified by Defendant as an independent contractor.

24.     Likewise, the Class Members were also welders who performed work for Defendant on various oil and gas equipment.

25.     The Class Members were also classified as independent contractors.

26.     The Plaintiff and Class Members were not independent contractors but were employees.

27.     The Plaintiff and Class Members were paid an hourly rate of pay.

28.     The Plaintiff and Class Members performed manual labor, welding tasks.

29.     Plaintiff regularly worked over 40 hours each week.

30.     However, when he worked more than 40 hours, he was not paid any overtime wages for those hours worked in excess of 40.

31.     Like Plaintiff, the Class Members regularly worked more than 40 hours each week and were not paid overtime wages for those hours worked in excess of 40 in a workweek.

32.     Given that they were misclassified as independent contractors, they were denied overtime pay.

33.     The Class Members performed similar duties as the Plaintiff.

34.     The Class Members worked across the US, including in New Mexico, Texas, North Dakota and Pennsylvania

35.     Defendant hired/fired, issued pay, supervised, directed, disciplined, scheduled and performed all other duties generally associated with that of an employer with regard to Plaintiff and the Class Members.

36.     In addition, Defendant instructed Plaintiff and the Class Members about when, where, and how they were to perform their work.

37.     Moreover, the following conduct demonstrates that Defendant acted as an employer with respect to Plaintiff and the Class Members:

　　　　a.   Defendant paid Plaintiff and the Class Members by the hour;

　　　　b.   The hourly rate paid by Defendant was set by Defendant and was not negotiated by the Plaintiff or Class Members;

　　　　c.   Defendant required Plaintiff and the Class Members to report to their assigned job site at a set time;

    d.   Defendant required Plaintiff and the Class Members to request time off in advance and have that time away from work pre-approved;

    e.   Defendant set forth the required procedures to be followed and the order and manner in which Plaintiff and the Class Members were to perform their work;

    f.   Plaintiff and the Class Members faced termination if they failed to perform their work in the manner required by Defendant;

    g.   Defendant assigned Plaintiff and the Class Members a substantial number of hours of work per week;

    h.   Plaintiff's and the Class Members' services were integrated into Defendant's operations;

    i.   Plaintiff and the Class Members constituted the workforce without which Defendant could not perform its services;

    j.   Plaintiff and the Class Members worked for Defendant for long periods of time as is common with employees; and

    k.   Defendant maintained the right to discharge Plaintiff and the Class Members at any time.

38.    Furthermore, the degree of investment Plaintiff and the Class Members made to perform their work pales in comparison to the expenses Defendant incurred.  Defendant invested in significant resources, including owning forklifts, cranes, bevel machines, offices, employees, website, marketing costs and other significant costs.

39.    Further, Plaintiff and the Class Members performed work that was integral to the operations of Defendant.  Indeed, Defendant offers welding services to its customers and the Plaintiff and Class Members were the workers who performed those services.

40.     Moreover, Defendant supervised and controlled the activities of Plaintiff and the Class Members.  Defendant monitored their work, reviewed their work, issued instructions, and directed their work in the manner deemed sufficient by Defendant.

41.     Despite these facts, Defendant improperly classified Plaintiff and the Class Members as independent contractors and not as employees.

42.     Defendant misclassified the Plaintiff and Class Members as independent contractors to avoid their obligations to pay these employees overtime.

43.     However, at all times, Plaintiff and the Class Members were employees of Defendant.

44.     Although Plaintiff and the Class Members have been required to work more than forty (40) hours per work-week, and did so frequently, they were not compensated at the FLSA and New Mexico mandated time-and-a-half rate for hours in excess of forty (40) per workweek.

45.     No exemption applies to Plaintiff or the Class Members.

46.     Defendant's method of paying Plaintiff and the Class Members in violation of the FLSA and New Mexico law was willful and was not based on a good faith and reasonable belief that their conduct complied with the law. Defendant's misclassification was not by accident, but a well thought out scheme to reduce their labor costs.  Defendant knew the requirement to pay overtime to their employees, but intentionally and/or recklessly chose not to do so.  Accordingly, Defendant's violations were willful.

## COUNT ONE: VIOLATION OF 29 U.S.C. § 207

47.      Plaintiff incorporates all allegations contained in the foregoing paragraphs.

48.     Defendant's practice of failing to pay Plaintiff and the FLSA Class Members time-and-one-half for all hours worked in excess of forty (40) per workweek violates the FLSA.  29 U.S.C. § 207.

49.     None of the exemptions provided by the FLSA regulating the duty of employers to pay overtime at a rate not less than one and one-half times the regular rate at which its employees are paid are applicable to Defendant or Plaintiff/Class Members.

## COLLECTIVE ACTION ALLEGATIONS

50.     Plaintiff incorporates by reference the allegations in the preceding paragraphs.

51.     Plaintiff has actual knowledge that the FLSA Class Members have also been denied overtime pay for hours worked over forty (40) hours per workweek as a result of Defendant's misclassification of its welder workforce.

52.     Plaintiff's knowledge is based on his personal work experience and through communications with other welders working for Defendant.

53.     Other workers similarly situated to the Plaintiff worked for Defendant throughout the United States but were not paid overtime at the rate of one and one-half their regular rate when those hours exceeded forty (40) hours per workweek because Defendant misclassified them as independent contractors.

54.     Although Defendant permitted and/or required the FLSA Class Members to work in excess of forty (40) hours per workweek, Defendant has denied them full compensation for their hours worked over forty (40).

55.     Defendant has classified and continues to classify the FLSA Class Members as independent contractors.

56.     The FLSA Class Members perform or have performed the same or similar work as Plaintiff and were misclassified as independent contractors by Defendant.

57.     The FLSA Class Members are not exempt from receiving overtime pay under the FLSA.

58.     As such, the FLSA Class Members are similar to Plaintiff in terms of relevant job duties, pay structure, misclassification as independent contractors and/or the denial of overtime pay.

59.     Defendant's failure to pay overtime compensation at the rate required by the FLSA results from generally applicable policies or practices and does not depend on the personal circumstances of the FLSA Class Members.

60.     The experiences of Plaintiff, with respect to his pay, hours, and duties are typical of the experiences of FLSA Class Members.

61.     The specific job titles or precise job responsibilities of each FLSA Class Member do not prevent collective treatment.

62.     All FLSA Class Members, irrespective of their particular job requirements, are entitled to overtime compensation for hours worked in excess of forty (40) during a workweek.

63.     Although the exact amount of damages may vary among FLSA Class Members, the damages for FLSA Class Members can be easily calculated by a simple formula. The claims of all FLSA Class Members arise from a common nucleus of facts.  Liability is based on a systematic course of wrongful conduct by Defendant that caused harm to all FLSA Class Members.

64.     As such, the class of similarly situated workers is properly defined as follows:

> All current and former welders who were paid on an hourly rate basis and were classified as independent contractors by Defendant at any time during the three-year period before the filing of this Complaint.

**COUNT TWO:  VIOLATION OF THE NEW MEXICO MINIMUM WAGE <u>ACT—</u>
<u>OVERTIME  (CLASS ACTION)</u>**

65.      Plaintiff incorporates by reference the allegations in the preceding paragraphs.

66.      At all relevant times, Defendant has been, and continues to be, an "employer" within the meaning of the NMMWA.  At all relevant times, Defendant has employed and continues to employ, "employees," including the New Mexico Class Members and Plaintiff, within the meaning the NMMWA.

67.      The NMMWA requires payment of one and one-half times the employee's regular rate for each hour worked per week over 40 hours.  N.M. STAT. ANN. § 50-4-22(D).

68.      As a result of the foregoing conduct, as alleged, Defendant has failed to pay wages due under the NMMWA, thereby violating, and continuing to violate, the NMMWA.

69.      Plaintiff brings his claims on behalf of himself and all similarly situated employees pursuant to N.M. STAT. ANN. § 50-4-26(C)-(E) which authorizes a private cause of action for Plaintiff and the New Mexico Class Members to recover their unpaid wages plus interest, an additional amount equal to twice the unpaid or underpaid wages, as well as costs of court and attorneys' fees.

**<u>RULE 23 CLASS ACTION ALLEGATIONS</u>**

70.      Plaintiff incorporates by reference the allegations in the preceding paragraphs.

71.      Plaintiff brings his overtime claims arising under the NMMWA as a Rule 23 class action on behalf of the following class:

> All current and former welders who were paid on an hourly rate basis, were classified as independent contractors by Defendant, and who worked in New Mexico for at least one week during the three-year period before the filing of this Complaint.

72.     Although Plaintiff does not know the precise number of members of the proposed class, Plaintiff believes there are more than 40 individuals that fit into the class.

73.     The members of the class are so numerous that their individual joinder is impractical.

74.     The identity of the members of the class is readily discernible from Defendant's records.

75.     Plaintiff and the proposed class on one hand, and Defendant on the other, have a commonality of interest in the subject matter and remedy sought, namely back wages plus penalties, interest, attorneys' fees and the cost of this lawsuit.

76.     Common questions of law and fact exist to all members of the class. These questions predominate over the questions affecting individual class members. These common legal and factual questions include, but are not limited, to the following:

      a.  Whether Plaintiff and the Class Members worked hours in excess of forty hours per work week;

      b.  Whether Plaintiff and the Class Members were denied overtime pay at a rate not less than one and one half times their regular rate under New Mexico law;

      c. Whether Defendant misclassified Plaintiff and Class Members as independent contractors under New Mexico law.

77.     These and other common questions of law and fact, which are common to the members of the class, predominate over any individual questions affecting only individual members of the class.

78.     Plaintiff's claims are typical of the claims of the classes because Plaintiff was not paid overtime wages in accordance with New Mexico law and because Defendant misclassified Plaintiff as an independent contractor just as it did with other New Mexico Class Members.

79.     Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the classes that he seeks to represent. Plaintiff has retained competent counsel, highly experienced in complex class action litigation, and they intend to prosecute this action vigorously. The interests of the class will be fairly and adequately protected by Plaintiff and his counsel.

80.     The class action under New Mexico state law is superior to other available means for the fair and efficient adjudication of the state law claims of Plaintiff and the New Mexico Class Members. The injuries suffered by each individual class member are relatively small in comparison to the burden and expense of individual prosecution of a complex and extensive litigation necessitated by Defendant's conduct. It would be virtually impossible for members of the classes individually to redress effectively the wrongs done to them; even if the members of the class could afford such individual litigation, the court system could not. Individualized litigation presents the possibility for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and to the court system presented by the complex, legal and factual issues of the case. By contrast, the class action presents far fewer logistical issues and provides the benefits of a single adjudication, economy of scale and comprehensive supervision by a single court.

## JURY DEMAND

81.     Plaintiff and Class Members hereby demand trial by jury on all issues.

## PRAYER

82.     For these reasons, Plaintiff prays for:

   a.   An order designating the FLSA Class as a collective action and authorizing notice pursuant to 29 U.S.C. § 216(b) to all FLSA Class Members;

b.   An order certifying this case as a class action under Rule 23 for the New Mexico state law claims;

c.   A judgment against Defendant awarding Plaintiff, the FLSA Class Members, and New Mexico Class Members all their unpaid overtime compensation and liquidated damages;

d.   An order awarding attorneys' fees, costs, and expenses;

e.   Pre- and post-judgment interest at the highest applicable rates; and

f.   Such other and further relief as may be necessary and appropriate.

Respectfully submitted,

HODGES & FOTY, L.L.P.

By: /s/ Don J. Foty
Don J. Foty
DFoty@hftrialfirm.com
Texas State Bar No. 24050022
(Will apply for admission *Pro Hac Vice*)
4409 Montrose Blvd, Ste. 200
Houston, TX 77006
Telephone: (713) 523-0001
Facsimile: (713) 523-1116

AND

By: /s/ Daniel M. Faber
Daniel M. Faber
dan@danielfaber.com
4620C Jefferson Lane NE
Albuquerque, NM 87109
(505) 830-0405

ATTORNEYS FOR PLAINTIFF AND CLASS MEMBERS