# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF OKLAHOMA

JAVIER GARZA, on behalf of himself,   )
and on behalf of all others similarly   )
situated,   )
      )  Case No. CIV-20-336-D
     *Plaintiff,*  )
v.   )
      )
FUSION INDUSTRIES, LLC,   )
      )
     *Defendant.*  )
      )

## ORDER

Before the Court is Plaintiff's Motion for Conditional Certification and to Facilitate Notice Under 29 U.S.C. § 216(b) [Doc. No. 52]. Defendant filed a response in opposition [Doc. No. 54], to which Plaintiff replied [Doc. No. 55]. The matter is fully briefed and at issue.

## BACKGROUND

Plaintiff brings this collective action on behalf of himself and a putative class to recover unpaid overtime wages and other damages under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (FLSA) and the New Mexico Minimum Wage Act, N.M. Stat. Ann. §§ 50-4-1 *et seq.* (NMMWA). Defendant Fusion Industries, LLC is a company that provides services to the oil and gas industry. As part of its business, Defendant hires welders to work on various oil and gas equipment, including oil rigs and natural gas compressors. Defendant classifies some of these welders as independent contractors, and Defendant pays those independent contractors on an hourly basis. Plaintiff alleges

Defendant misclassified him and other welders as independent contractors when they should have been classified as employees and, thus, paid overtime wages. Defendant denies any wrongdoing.

Based on the allegations of the Amended Complaint, and his Motion and supporting declarations, Plaintiff seeks certification of a FLSA collective action that consists of: "all current and former welders who were paid on an hourly rate basis and were classified as independent contractors by Defendant at any time during the three-year period before the filing of this Complaint." [Doc. No. 32] Amend. Compl., ¶ 8.

## STANDARD OF DECISION

Whether an employee may maintain a FLSA collective action depends on whether he is "similarly situated" to other members of the putative class. *See* 29 U.S.C. § 216(b). Although § 216(b) does not define "similarly situated," the Tenth Circuit has endorsed the *ad hoc* method of determination. *Thiessen v. General Electric Capital Corp.*, 267 F.3d 1095, 1105 (10th Cir. 2001). Under this approach, the Court engages in a two-step process. First, it makes an initial "notice stage" determination on whether a plaintiff is "similarly situated," which requires nothing more than substantial allegations that the putative class members were together the victims of a single decision, policy, or plan. *Thiessen*, 267 F.3d at 1102.

"By this determination, the court decides whether a collective action should be certified for purposes of sending notice of the action to potential class members." *Renfro v. Spartan Computer Services*, Inc., 243 F.R.D. 431, 432 (D. Kan. 2007) (citation omitted). "Plaintiffs need only show their positions are similar, not identical, to the positions held by

the rest of the collective class members." *Garcia v. Tyson Foods, Inc.*, 890 F. Supp. 2d 1273, 1279 (D. Kan. 2012) (citing *Grayson v. K Mart Corp.*, 79 F.3d 1086, 1096 (11th Cir. 1996) (further citations omitted)). This standard is a very lenient one and typically results in certification for the purpose of notifying potential plaintiffs. *Renfro*, 243 F.R.D. at 432; *Hart v. Sandridge Energy, Inc.*, No. CIV-14-178-R, 2014 WL 2983358, at *2 (W.D. Okla. July 1, 2014). Ordinarily, the Court makes this determination fairly early in the litigation, before the parties complete discovery. *Brown v. Money Tree Mortgage, Inc.*, 222 F.R.D. 676, 679 (D. Kan. 2004). In making this determination, the Court does not reach the merits of the plaintiff's claims. *Gieseke v. First Horizon Home Loan Corp.*, 408 F. Supp. 2d 1164, 1166 (D. Kan. 2006) (citing *Hoffman v. Sbarro, Inc.*, 982 F.Supp. 249, 262 (S.D.N.Y. 1997)).

Under the second step, usually initiated at the close of discovery, the Court utilizes a stricter standard of "similarly situated" which requires evaluation of several factors, including: (1) disparate factual and employment settings of individual plaintiffs; (2) the various defenses available to defendants which appear to be individual to each plaintiff; and (3) fairness and procedural considerations. *Thiessen*, 267 F.3d at 1102–03.

## DISCUSSION

"Generally, where putative class members are employed in similar positions, the allegation that defendants engaged in a pattern or practice of not paying overtime is sufficient to allege that plaintiffs were together the victims of a single decision, policy or plan." *Renfro*, 243 F.R.D. at 433–34 (citation omitted). In support of his allegations, Plaintiff provides declarations from himself and Ronnie Hernandez. The affidavits state:

- The workers completed welding work for Defendant;

- Defendant classified welders as independent contractors, rather than employees;

- The welding work required long hours, including over 40 hours in a week;

- The welders were paid by Defendant on an hourly basis but were not paid overtime;

- Defendant instructed the welders when and how to perform their work;

- Due to the time commitment required for the projects the welders worked on for Defendant, the welders could not realistically work for another company during their work for Defendant;

- Other welders classified by Defendant as independent contractors were similar in their respective duties and were paid on an hourly basis without overtime;

- Other welders classified by Defendant as independent contractors are likely interested in joining this lawsuit.

[Doc. Nos. 52-3 and 52-4]. Given the allegations of the Complaint, Motion, and supporting declarations, which suggest Plaintiff and the putative class maintained similar positions and did not receive overtime pay, Plaintiff has satisfied the low threshold required to demonstrate at the notice stage that all putative class members are similarly situated for purposes of conditional collective action certification under Section 216(b) of the FLSA. *See Renfro*, 243 F.R.D. at 434.

Defendant argues certification is inappropriate, claiming no other individuals are able to assert timely claims. Defendant also argues Plaintiff's allegations fail to meet the standard necessary for conditional certification. Both arguments rely on the same contention: Defendant's assertion that the putative class should be limited to welders that worked at the same location as Plaintiff. Defendant argues the project for which Plaintiff

did welding was completed more than three years ago, meaning that any claim to recover unpaid overtime wages from that project that has not yet been asserted is now barred by the three-year statute of limitations. Defendant also contends Plaintiff has failed to show a company policy of classifying some welders as independent contractors existed outside of the specific project on which Plaintiff worked.

There is no requirement that Plaintiff's position be identical to the positions held by the rest of the collective class members; all that is required is a showing that Plaintiff's position is similar. *Garcia*, 890 F. Supp. 2d at 1279. "[G]eographic commonality is not necessary to satisfy the FLSA collective action's 'similarly situated' requirement, so long as the employees were impacted by a common policy." *McCloud v. McClinton Energy Grp.*, L.L.C. 2015 WL 737024, *8 (W.D. Tex. Feb. 20, 2015)(quotation marks omitted quoting *Vargas v. Richardson Trident Co.*, 2010 WL 730155, at *8 (S.D. Tex. Feb. 22, 2010)). Thus, "'if there is reasonable basis to conclude that the same policy applies to multiple locations of a single company, certification is appropriate.'" *Id.* (brackets omitted)(quoting *Rueda v. Tecon Servs.*, 2011 WL 2566072, at *4 (S.D. Tex. 2011)).

Plaintiff asserts in his declaration that he worked on four separate projects for Fusion as an independent contractor welder, and Ronnie Hernandez claims he also worked for Defendant as an independent contractor welder. Both state they knew other welders were classified by Defendant as independent contractors. In its Answer, Defendant does not dispute its policy of "engag[ing] qualified independent contractors as the need arises to perform skilled welding services on a short-term basis, usually for individual projects." [Doc No. 34], Answer, ¶ 13. The Court, thus, finds a reasonable basis to conclude a

singular policy existed with regard to classifying welders, like Plaintiff and Mr. Hernandez, as independent contractors instead of as employees, effectively denying them overtime wages.[1] Accordingly, the Court finds the conditional certification of all current and former welders who were paid on an hourly rate basis and were classified as independent contractors by Defendant should not be limited by location.

## CONCLUSION

The Court finds as follows:

1. Plaintiff's Motion for Conditional Certification and to Facilitate Notice Under 29 U.S.C. § 216(b) [Doc. No. 52] is **GRANTED** as set forth herein. This action is conditionally certified as a collective action under 29 U.S.C. § 216(b) to include:

   *All current and former welders who were paid on an hourly rate basis and were classified as independent contractors by Defendant at any time during the three-year period before the filing of [the] Complaint*

2. Noting that Defendant failed to assert any specific objection to Plaintiff's Proposed Notice Plan, the Court directs the parties to confer and submit an agreed Notice of Lawsuit within 14 days of this Order. If an agreement cannot be reached, Plaintiff shall re-file by that same date his motion seeking approval of his proposed forms and informing the Court of the nature of the parties' disagreement.

---

[1] Whether those welders were, in fact, misclassified is a dispute beyond the scope of the motion for conditional certification. At this stage, the Court's role is not to evaluate the merits of Plaintiff's claim. *See, e.g., Vondriska v. Premier Mortg. Funding, Inc.*, 564 F. Supp. 2d 1330, 1335–36 (M.D. Fla. 2007) ("[V]ariations in specific duties, job locations, working hours, or the availability of various defenses are examples of factual issues that are not considered at [the notice] stage. … Defendant's arguments appear to be relevant to the application of various exemptions from the FLSA, which is more properly addressed after discovery is completed.") (internal citations omitted, paraphrasing in original).

**IT IS SO ORDERED** this 11th day of April, 2022.

TIMOTHY D. DeGIUSTI
Chief United States District Judge