## IN THE UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| JAVIER GARZA, on behalf of himself, and on behalf of all others similarly situated, | ) ) ) ) | |
| Plaintiff, | ) ) | Case No. CIV-20-336-D |
| v. | ) ) | |
| FUSION INDUSTRIES, LLC, | ) ) | |
| Defendant. | ) ) | |

## ORDER

Before the Court is Plaintiff Javier Garza's Motion for Leave to Amend Original Complaint [Doc. No. 78]. Defendant Fusion Industries, LLC timely responded [Doc. No. 88], and Plaintiff replied [Doc. No. 89]. The matter is fully briefed and at issue.

### *Background*

Defendant Fusion Industries provides services to the oil and gas industry. As part of its business, Defendant hires welders to work on various oil and gas equipment, including oil rigs and natural gas compressors. Defendant classifies some of these welders as independent contractors, paying them on an hourly basis.

On January 24, 2020, Plaintiff Javier Garza brought a collective action on behalf of himself and a putative class to recover unpaid overtime wages and other damages under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* ("FLSA") and the New Mexico Minimum Wage Act, N.M. Stat. Ann. §§ 50-4-1 *et seq*. He alleges that Defendant

misclassified him and other welders as independent contractors when they should have

been classified as employees and thus, paid overtime wages.

The case was initially filed in the United States District Court for the District of

New Mexico, and later transferred to the Western District of Oklahoma on April 13, 2020.

Defendant filed a motion to dismiss, which caused Plaintiff to submit an amended

complaint. *See* [Doc. Nos. 28, 32].[1] Defendant answered Plaintiff's amended complaint on

June 19, 2020. *See* [Doc. No. 34]. The Court entered a scheduling order on September 21,

2020, which required that motions to amend pleadings be filed within fourteen days.

In January of 2022, Plaintiff filed a Motion for Conditional Certification and to

Facilitate Notice under 29 U.S.C. § 216(b). *See* [Doc. No. 52]. The Court granted the

motion, and determined that those entitled to receive notice of the suit included:

> All current and former welders who were paid on an hourly rate basis and
> were classified as independent contractors by Defendant at any time between
> April 13, 2017 and April 11, 2022.

*See* 4/25/22 Order [Doc. No. 63]. Four additional individuals consented to join the

collective action: Sergio Reyes, Nathaniel Arrisola, Eden Cantu, and Aaron Estrada. Their

consents were filed with the Court on June 2, 2022, June 3, 2022, June 3, 2022, and August

31, 2022, respectively. *See* [Doc. Nos. 70, 71, 72]. These four individuals, as well as Ronnie

Hernandez, are collectively referred to herein as the "Opt-in Plaintiffs."

Due to the limited number of opt-ins, Plaintiff now seeks to withdraw the Rule 23

class action and collective action aspects of the lawsuit and amend his pleading to include

---

[1] Opt-in Plaintiff Ronnie Hernandez consented to join the collective action shortly before
Plaintiff filed his amended complaint. *See* [Doc. No. 31].

the Opt-in Plaintiffs as additional named plaintiffs, which would allow them to pursue their overtime claims on an individual basis. Defendant opposes Plaintiff's motion, arguing that the proposed amendment is untimely, prejudicial, and futile, and thus, fails to satisfy Fed. R. Civ. P. 16(b)(4) and 15(a)(2).[2]

### *Discussion*

A plaintiff seeking leave to amend after the deadline imposed by the scheduling order "must demonstrate (1) good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and (2) satisfaction of the Rule 15(a) standard." *Birch v. Polaris*, 812 F.3d 1238, 1247 (10th Cir. 2015) (internal citation omitted). The Court addresses each rule in turn.

### I.   Fed. R. Civ. P. 16(b)(4)

Under Fed. R. Civ. P. 16(b)(4), "[a] schedule may be modified only for good cause and with the judge's consent."[3] In practice, a movant must show that "the scheduling deadlines cannot be met despite the movant's diligent efforts." *Gorsuch, Ltd., B.C. v. Wells Fargo Nat. Bank Ass'n*, 771 F.3d 1230, 1240 (10th Cir. 2014) (internal quotation and alteration omitted); *see also Husky Ventures, Inc. v. B55 Invs., Ltd.*, 911 F.3d 1000, 1020 (10th Cir. 2018) ("[G]ood cause obligates the moving party to provide an adequate explanation for delay.") (internal quotation omitted). This requirement may be satisfied "if

---

[2] Additionally, Defendant has filed a motion for summary judgment in which it argues that the claims of Sergio Reyes, Nathaniel Arrisola, Eden Cantu, and Aaron Estrada are time-barred pursuant to the statutes of limitations set forth in the FLSA and the New Mexico Minimum Wage Act. *See* [Doc. No. 77].

[3] A district court's determination of whether good cause is shown is "afford[ed] 'wide discretion.'" *Perez v. Denver Fire Dep't*, 724 F. App'x 646, 650 (10th Cir. 2018) (quoting *Bylin v. Billings*, 568 F.3d 1224, 1231 (10th Cir. 2009)).

a plaintiff learns new information through discovery or if the underlying law has changed,"

but not if a plaintiff simply fails to raise a claim. *Gorsuch, Ltd., B.C.*, 771 F.3d at 1240; *see*

*also Pumpco, Inc. v. Schenker Intern., Inc.*, 204 F.R.D. 667, 668 (D. Colo. 2001)

("Carelessness is not compatible with a finding of diligence and offers no reason for a grant

of relief.") (internal quotation omitted). "Good cause is likely to be found when the moving

party has been generally diligent, the need for more time was neither foreseeable nor its

fault, and refusing to grant the continuance would create a substantial risk of unfairness to

that party." *Tesone v. Empire Mktg. Strategies*, 942 F.3d 979, 988 (10th Cir. 2019) (internal

quotation and alteration omitted).

Plaintiff contends that good cause exists because he "did not, and could not, have

known what the final composition for the putative collective would look like" until the end

of the opt-in period, which was beyond the deadline to amend pleadings under the Court's

scheduling order. Pl.'s Mot. for Leave at 9. In total, only five individuals—Hernandez,

Reyes, Arrisola, Cantu, and Estrada—have consented to join the collective action. At the

close of the opt-in period, these Opt-in Plaintiffs expressed "intentions to be named as

individual plaintiffs in the case." *Id.* After considering the requests of the Opt-in Plaintiffs,

as well as "the risks of final certification of the collective in light of the limited number of

opt-ins," Plaintiff sought leave to amend. *Id.*

Upon review of Plaintiff's actions, the Court concludes that Plaintiff, to this point,

has acted diligently. Although Plaintiff seeks amendment well after the deadline set forth

in the Court's scheduling order, Plaintiff's request is not a product of carelessness. Indeed,

Plaintiff was unable to seek leave to amend his complaint in the manner requested until the

opt-in period closed in late 2022. Based on the expressed intentions of the Opt-in Plaintiffs, Plaintiff sought leave to amend after first conferring with Defendant regarding the proposed amendment.

Plaintiff has articulated compelling reasons for relief and, accordingly, the Court finds that Plaintiff has "provide[d] an adequate explanation for delay." *Husky Ventures, Inc.*, 911 F.3d at 1020. Thus, Plaintiff has established "good cause" under Rule 16(b)(4) to allow amendment out of time. *See Scott v. Chipotle Mexican Grill, Inc.*, 300 F.R.D. 193, 198 (S.D.N.Y. 2014) (finding good cause after noting there was no way of knowing "the entire scope of potential plaintiffs until notice issued to the nation-wide collective, until those potential plaintiffs opted in, and until the opt-in period finally closed," and permitting amendment to include additional named plaintiffs in an FLSA collective action); *Ousley v. CG Consulting, LLC*, 339 F.R.D. 455, 458-60 (S.D. Ohio 2021) (concluding that a plaintiff satisfied Rule 16(b)(4) after finding that the plaintiff could not have moved to amend until the opt-in plaintiffs consented to becoming named plaintiffs in an FLSA collective action).

## II.     Fed. R. Civ. P. 15(a)(2)

Next, the Court addresses Fed. R. Civ. P. 15(a)(2), which provides that "a party may amend its pleading only with the opposing party's written consent or the court's leave." Under Rule 15(a)(2), "[t]he Court should freely give leave when justice so requires."[4] The purpose of Rule 15(a)(2) "is to provide litigants 'the maximum opportunity for each claim to be decided on its merits rather than on procedural niceties.'" *Minter v. Prime Equip. Co.*,

---

[4] Whether to grant leave to amend pursuant to Rule 15(a)(2) is within a district court's discretion. *See Minter v. Prime Equip. Co.*, 451 F.3d 1196, 1204 (10th Cir. 2006).

451 F.3d 1196, 1204 (10th Cir. 2006) (quoting *Hardin v. Manitowoc-Forsythe Corp.*, 691

F.2d 449, 456 (10th Cir. 1982)). "Refusing leave to amend is generally only justified upon

a showing of undue delay, undue prejudice to the opposing party, bad faith or dilatory

motive, failure to cure deficiencies by amendments previously allowed, or futility of

amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

Defendant maintains that Plaintiff's proposed amendment is both futile and unduly

prejudicial.[5] As the party opposing amendment, Defendant bears the burden of

demonstrating futility and undue prejudice.[6] *See Hirt v. Unified Sch. Dist. No. 287*, 308

F.Supp.3d 1157, 1168 (D. Kan. 2018).

### a.  Undue Prejudice

Typically, prejudice exists "only when the amendment unfairly affects the

defendant[] 'in terms of preparing [its] defense to the amendment.'" *Minter*, 451 F.3d at

1208 (quoting *Patton v. Guyer*, 443 F.2d 79, 86 (10th Cir. 1971)). In general, such prejudice

"occurs when the amended claims arise out of a subject matter different from what was set

forth in the complaint and raise significant new factual issues." *Id.* (collecting cases).

Although "any proposed amendment invariably causes some practical prejudice,"

the prejudice is only undue if "the amendment would work an injustice" to a defendant.

---

[5] The Court confines its analysis to these two factors. Defendant does not argue that Plaintiff has acted in bad faith or failed to cure deficiencies by amendments previously allowed, and a review of the current record confirms as much.

[6] For the reasons discussed above with respect to Rule 16(b)(4), the Court finds that the motion should not be denied on the basis of undue delay pursuant to Rule 15(a)(2). *See Minter*, 451 F.3d at 1205 n.4 (acknowledging a "similarity between the 'good cause' standard of Rule 16(b) and [the] 'undue delay' analysis under Rule 15").

*Hirt*, 308 F.Supp.3d at 1168 (internal quotation omitted); *see Patton*, 443 F.2d at 86 ("There is invariably some practical prejudice resulting from an amendment, but this is not the test for refusal of an amendment."). Plaintiff's proposed amendment neither raises significant new factual issues, nor involves subject matter unrelated to the subject matter set forth in Plaintiff's original pleading. Indeed, the claims set forth in the requested amendment arise out of a common set of facts: "Defendant's practice of 'engag[ing] qualified independent contractors as the need arises to perform skilled welding services' and paying them on an hourly basis without overtime.'" *See* 4/5/22 Order [Doc. No. 63] (quoting Def.'s Answer to Am. Compl. [Doc. No. 34], ¶ 13); *see* Pl.'s Mot. for Leave, Ex. A at ¶¶ 25-35 ("Plaintiff[s] . . . performed welding services . . . [were] paid on an hourly rate basis by Defendant . . . [and] were not paid any overtime wages for those hours worked in excess of 40.").

Because the proposed amendment arises out of sufficiently similar facts and events, the Court is unable to conclude that allowing Plaintiff to amend "would work an injustice" to Defendant. *See Hirt*, 308 F.Supp.3d at 1168 ("Considering the nature of the new claims and the procedural posture of this litigation, the [c]ourt notes there will be some practical prejudice, but struggles to discern any true injustice which would occur from the proposed amendments. Much of the facts supporting the new claims arise from the same occurrences as [p]laintiffs' other claims."). Accordingly, the Court cannot deny Plaintiff's motion on the basis of undue prejudice.

### b. Futility

Defendant also argues that Plaintiff's amended complaint is futile because, even if amendment is permitted, the FLSA claims of Sergio Reyes, Nathaniel Arrisola, Eden Cantu, and Aaron Estrada are barred by the applicable statute of limitations.[7] An action brought pursuant to the FLSA must be "commenced within two years after the cause of action accrued." 29 U.S.C. § 255. If the action arises out of a willful violation of the FLSA, it may be commenced within three years of accrual. *Id.* When a collective action is instituted under the FLSA, if an individual claimant is not named as a party plaintiff in the complaint, the individual claimant's action commences on the date "on which [his or her] written consent is filed in the court." 29 U.S.C. § 256(b). Thus, unless an individual claimant's consent is filed prior to the expiration of the limitations period, the individual claimant's right to relief under the FLSA lapses, absent tolling of the statutory period.

Defendant asserts that, because Sergio Reyes, Nathaniel Arrisola, Eden Cantu, and Aaron Estrada consented to join the collective action more than three years after their final day of service, their claims are conclusively time-barred and thus, futile. *See Full Life Hospice, LLC v. Sebelius*, 709 F.3d 1012, 1019 (10th Cir. 2013) ("Granting the amendment would have been futile because the amended complaint would have been subject to dismissal as time-barred."). It urges the Court to reject Plaintiff's argument that these allegedly time-barred claims "relate back" to the date of the original pleading under Fed. R. Civ. P. 15(c).

---

[7] As noted, Defendant has filed a motion for summary judgment on these grounds. *See* [Doc. No. 77].

Pursuant to Federal Rule of Civil Procedure 15(c)(1)(C), an amendment to a pleading relates back to the date of the original pleading when:

> [T]he amendment changes the party or the naming of the party against whom a claim is asserted, if [the amendment asserts a claim or defense that arose out of the conduct, transaction, or occurrence set out—or attempted to be set out—in the original pleading], and if, within the period provided by Rule 4(m) for serving summons and complaint, the party to be brought in by amendment:
>
> > (i) received such notice of the action that it will not be prejudiced in defending on the merits; and
> >
> > (ii) knew or should have known that the action would have been brought against it, but for a mistake concerning the proper party's identity.

Although Rule 15(c)(1)(C) does not, on its face, appear to apply to an amendment adding additional plaintiffs, Rule 15's advisory committee notes state that "the attitude taken in revised Rule 15(c) toward change of defendants extends by analogy to amendments changing plaintiffs." Fed. R. Civ. P. 15(c) advisory committee's note to 1966 amendment; *see Pipeline Prods., Inc. v. Madison Cos., LLC*, 428 F.Supp.3d 591, 603 (D. Kan. 2019) ("[T]he drafters of the Rule clearly contemplated that it would also apply to the addition of new plaintiffs. . . . Accordingly, most courts allow for the addition of . . . new plaintiffs under Rule 15(c)(1)(C).").

The Tenth Circuit has not addressed whether a plaintiff must satisfy each of Rule 15(c)(1)(C)'s express requirements, including the "mistake" requirement, before the claims of additional named plaintiffs may relate back to the date of the original pleading. Upon consideration of Rule 15(c)'s underlying rationale, the Court declines to require that Plaintiff demonstrate a "mistake concerning the proper party's identity" before allowing

the claims of the Opt-in Plaintiffs to relate back to the date the original pleading was filed. *See Plummer v. Farmers Grp., Inc.*, 388 F.Supp.2d 1310, 1315 n.6 (E.D. Okla. 2005) (declining to apply the "mistake" requirement to the addition of new plaintiffs and noting that "the balance of secondary sources of law appears to tilt in favor of ignoring the mistaken identity requirement for purposes of adding plaintiffs"); *KPH Healthcare Servs., Inc. v. Mylan N.V.*, No. 20-2065-DDC-TJJ, 2022 WL 3153687, at *19 (D. Kan. Aug. 8, 2022) ("While the Tenth Circuit hasn't yet addressed this issue, the court predicts that our Circuit would . . . decline to apply Rule 15(c)(1)(C)'s 'mistake' requirement to an amended pleading that adds new class representatives as named plaintiffs."); *cf.* Michelle Nabors, *Relation Back of Amendments Adding Plaintiffs Under Rule 15(c)*, 66 Okla. L. Rev. 113, 143 (2013) ("[F]or amendments adding plaintiffs to relate back, the Tenth Circuit appears to require (1) transactional relatedness, and (2) sufficient notice of impending claims.") (internal quotation omitted).

In the Court's view, the following three-part test, employed by both the First and Ninth Circuits, as well as district courts within at least four other circuits,[8] is appropriate to determine whether the claims of the Opt-in Plaintiffs relate back to the date of the original pleading. Under this approach, the claims of additional named plaintiffs set forth

---

[8] *See, e.g. Sherwin Manor Nursing Ctr., Inc. v. McAuliffe*, No. 92-C-6659, 1997 WL 367368, at *6 (N.D. Ill. June 25, 1997); *Page v. Pension Ben. Guar. Corp.*, 130 F.R.D. 510, 512-13 (D.D.C. 1990); *Zorrilla v. Carlson Restaurants, Inc.*, 255 F.Supp.3d 465, 476 (S.D.N.Y. 2017); *Plummer v. Farmers Grp., Inc.*, 388 F.Supp.2d 1310, 1315-16 (E.D. Okla. 2005).

in an amended complaint are permitted to relate back to the date the original pleading was

filed if the following requirements are satisfied:

> The amended complaint must arise out of the conduct, transaction, or
> occurrence set forth or attempted to be set forth in the original pleading; there
> must be a sufficient identity of interest between the new plaintiff, the old
> plaintiff, and their respective claims so that the defendants can be said to have
> been given fair notice of the latecomer's claim against them; and undue
> prejudice must be absent.

*Young v. Lepone*, 305 F.3d 1, 14 (1st Cir. 2002) (internal quotation omitted); *see also In re*

*Syntex Corp. Sec. Litig.*, 95 F.3d 922, 935 (9th Cir. 1996).

This approach is consistent with Rule 15(c)'s purpose, which is "to balance the

interests of the defendant protected by the statute of limitations with the preference

expressed in the Federal Rules of Civil Procedure in general, and Rule 15 in particular, for

resolving disputes on their merits." *Krupski v. Costa Crociere S.p.A.*, 560 U.S. 538, 550

(2010); *Schiavone v. Fortune*, 477 U.S. 21, 27 (1986) ("The linchpin [of Rule 15(c)] is

notice"); *see McClelland v. Deluxe Fin. Servs., Inc.*, 431 F. App'x 718, 723-24 (10th Cir.

2011) ("'The rationale of Rule 15(c) is that a party who has been notified of litigation

concerning a particular occurrence has been given all the notice that statutes of limitations

were intended to provide.' The same general standard of notice applies regardless of

whether a litigant seeks to add defendants, plaintiffs, or claims.") (quoting *Baldwin Cnty.*

*Welcome Cntr. v. Brown*, 466 U.S. 147, 149 n.3 (1984)); *see also Hill v. Shelander*, 924

F.2d 1370, 1377 (7th Cir. 1991) ("The very purpose underlying relation back is to permit

amendments to pleadings when the limitations period has expired, so long as the opposing

party is not unduly surprised or prejudiced."). Accordingly, the Court adopts and applies

the foregoing three-part test as follows.

### i. Conduct, Transaction, or Occurrence

As noted, before the claims of an additional plaintiff set forth in an amendment may

relate back, the amendment must assert a claim that arose out of the conduct, transaction,

or occurrence set out in the original pleading. *See* Fed. R. Civ. P. 15(c)(1)(C). Here, it is

evident that the conduct giving rise to the Opt-in Plaintiffs' claims mirrors the conduct

described in Plaintiff's original pleading. *Compare* Compl. at ¶¶ 19, 25-26 ("Defendant

utilized welders to work on various oil and gas equipment, including rigs and compressors;

Defendant classified these welders as independent contractors; The Plaintiff and Class

Members were not independent contractors but were employees.") *with* Pl.'s Mot. for

Leave, Ex. A at ¶¶ 25-31 ("[The Opt-in Plaintiffs] performed welding services on various

oil and gas equipment . . . and [were] classified by Defendant as [] independent

contractor[s]; Plaintiffs were not independent contractors but were employees.").

Because the claims of the Opt-in Plaintiffs are grounded in the identical conduct

which formed the basis for Plaintiff's original pleading, the Court finds that these claims

necessarily arise "out of the conduct, transaction, or occurrence set out—or attempted to

be set out—in the original pleading." *See* Fed. R. Civ. P. 15(c)(1)(C); *see Zorrilla*, 255

F.Supp.3d at 477 (concluding that a claim set forth in a proposed amendment "advance[d]

essentially the same factual allegations and theory of liability," and therefore, arose out of

the conduct, transaction, or occurrence set out in the original pleading).

### ii. Identity of Interest

Turning to part two of the three-part test, the Court finds that there also exists "a sufficient identity of interest" between the respective claims of the Opt-in Plaintiffs and Plaintiff Javier Garza. *See Young*, 305 F.3d at 14. Although the contours of this requirement "are not well defined," "district courts have held that the fair notice can be 'informal,' so that this element is satisfied when the 'original complaint on its face reveals the existence of additional claimants, and possibly in combination with some conduct by plaintiffs or the defendant, justifies an inference that the new claimants were in fact 'involved' in the action.'" *Zorilla*, 255 F.Supp.3d at 477-78 (quoting *Young* 305 F.3d at 14, and *Page*, 130 F.R.D. at 512).

The nature of Plaintiff's original pleading satisfies this requirement. In his original pleading, Plaintiff asserts that he is bringing "this action as a collective action under the FLSA, 29 U.S.C. § 216(b). Members of the collective action are referred to as the 'FLSA Class Members.' The FLSA Class members are all current and former welders who were paid on an hourly rate basis and were classified as independent contractors by Defendant . . . Defendant improperly classified Plaintiff and the Class Members as independent contactors and not as employees." Pl.'s Compl. at ¶¶ 2, 8, 41.

As demonstrated by the foregoing, Plaintiff's original pleading contemplates the claims set forth in Plaintiff's proposed amended complaint; both the original pleading and amended complaint seek relief for welders who were allegedly misclassified as independent contractors. *See Perkins v. S. New. England Tel. Co.*, No. 07-CV-967 (JCH), 2009 WL 3754097, at *5 (D. Conn. Nov. 4, 2009) ("Both the original Complaint and the

Amended Complaint allege that [the plaintiff] is asserting a collective action under FLSA on behalf of herself and a class of 'similarly situated' [workers]. Surely [the defendant] was on notice that other parties might be added to the action."); *Zorrilla*, 255 F.Supp.3d at 478 (finding that a claim of an additional named plaintiff was included within the scope of the original pleading, which alleged a collective action consisting of current and former tipped workers employed at a restaurant owned, operated, and/or controlled by the defendants). Because "a sufficient identity of interest" exists, Defendant has received fair notice of the Opt-in Plaintiffs' claims against it. *See Young*, 305 F.3d at 14.

### iii. Undue Prejudice

Finally, it does not appear that Defendant will suffer undue prejudice by allowing the claims of the Opt-in Plaintiffs to relate back to the date the original pleading was filed. Defendant's argument that it would suffer prejudice in the form of initiating individualized discovery on the additional claims amounts to practical prejudice, which does not preclude the claims of the Opt-in Plaintiffs from relating back. *See Dartez v. Peters*, No. 15-3255-EFM-GEB, 2019 WL 3318185, at *10 (D. Kan. July 24, 2019) (concluding that the addition of new parties requiring additional discovery amounts to practical prejudice, not undue prejudice barring relation back); *Zorrilla*, 255 F.Supp.3d at 479 (Noting that undue prejudice lies when a claim "creates a form of liability sufficiently distinct from the original nationwide FLSA . . . by contrast, there is no undue prejudice when the new [] claim and the original nationwide FLSA claim allege substantively similar forms of liability, thus implicating the same evidence and defenses as the original pleading."); 6A Charles Alan Wright & Arthur R. Miller, Federal Practice & Procedure § 1501 (3d ed. 2022) ("As long

as defendant is fully apprised of a claim arising from specified conduct and has prepared to defend the action, defendant's ability to protect itself will not be prejudicially affected if a new plaintiff is added, and defendant should not be permitted to invoke a statute of limitations defense.").

Thus, because both the legal and factual bases of the Opt-in Plaintiffs' claims are, in substance, identical to the bases of the claims set forth in Plaintiff's original pleading, the Court is unable to conclude that Defendant will suffer undue prejudice. As noted, these claims also arise out of the conduct, transaction, or occurrence set out in the original pleading, and there exists "a sufficient identity of interest" between the respective claims of the Opt-in Plaintiffs and Plaintiff Javier Garza. *See Young*, 305 F.3d at 14. Accordingly, the Court finds that the three-part test discussed above has been satisfied, and the claims of the Opt-in Plaintiffs relate back to the date of the original pleading. *See Deakin v. Magellan Health, Inc.*, No. 1:17-CV-773-WJ-KK, 2019 WL 5212805, at *5 (D.N.M. Oct. 16, 2019) (allowing a plaintiff to amend her complaint to include additional state law claims of newly named plaintiffs, and holding that these claims related back because they arose out of the same course of conduct—which was the alleged failure to pay overtime to a class of employees—set forth in the complaint).

Thus, because the claims of the Opt-in Plaintiffs relate back to the date the original pleading was filed, the claims of the Opt-in Plaintiffs are not conclusively time-barred, and amendment is not futile.

*Conclusion*

For the reasons set forth herein, Plaintiff has demonstrated good cause for seeking modification under Fed. R. Civ. P. 16(b)(4) and, additionally, has satisfied Fed. R. Civ. P. 15(a).

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Leave to Amend Original Complaint [Doc. No. 78] is **GRANTED.** Plaintiff shall file his First Amended Complaint within seven (7) days of this order. The parties are directed to confer and submit a proposed amended scheduling order within fourteen (14) days of Plaintiff filing his First Amended Complaint.

**IT IS FURTHER ORDERED** that Defendant's Motion for Summary Judgment [Doc. No. 77] is **DENIED AS MOOT.**

**IT IS SO ORDERED** this 31st day of March, 2023.

                                      _____

                                      TIMOTHY D. DeGIUSTI
                                      Chief United States District Judge