IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JAVIER GARZA, on behalf of himself, and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>FUSION INDUSTRIES, LLC,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Case No. CIV-20-336-D<br>)<br>)<br>)<br>)<br>)<br>) |

## **ORDER**

Before the Court is Plaintiff's Motion for Rule 23 Class Certification [Doc. No. 94]. Plaintiff Javier Garza seeks to certify a Rule 23(b)(3) class of welders contracted by Defendant Fusion Industries, LLC ("Fusion"). Plaintiff's underlying claim is brought under the New Mexico Minimum Wage Act ("NMMWA"), and he asks the Court to appoint him as class representative and the law firms who have appeared in this case as class counsel. Fusion has timely responded in opposition [Doc. No. 98], to which Plaintiff replied [Doc. No. 100]. The matter is fully briefed and at issue.

### *Background*

**I.     Procedural History**

A recitation of this case's procedural history is helpful in understanding its current posture. On January 24, 2020, Plaintiff brought a collective action on behalf of himself and a putative class to recover unpaid overtime wages and other damages under the Fair Labor Standards Act, 29 U.S.C. §§ 201 *et seq.* (the "FLSA") and the NMMWA, N.M. Stat. Ann.

claims on an individual basis.[1] Plaintiff's motion was granted by the Court's order entered March 31, 2023 [Doc. No. 103].

But rather than file his amended complaint as authorized, Plaintiff filed a motion seeking the Court's permission to file a complaint which differed from the one the Court granted him leave to file [Doc. No. 104]. Specifically, Plaintiff sought to retain the Rule 23 class action allegations that he initially intended to withdraw. After considering Plaintiff's request, the Court permitted Plaintiff to either file his amended complaint, as originally authorized, or file a new motion for leave to amend pursuant to FED. R. CIV. P. 15(a) and FED. R. CIV. P. 16(b)(4) [Doc. No. 105]. Plaintiff subsequently filed a motion for leave to file a revised amended complaint [Doc. No. 106]. The Court granted Plaintiff's motion and allowed Plaintiff to file another amended complaint [Doc. No. 114].

Plaintiff filed his second amended complaint [Doc. No. 115] on August 16, 2023. In his second amended complaint, Plaintiff and the Opt-in Plaintiffs allege individual FLSA claims, and Plaintiff brings class claims under the NMMWA.

## II.   Factual Background

Fusion is a company that provides, among other things, "utility powerline construction, repair and storm restoration services; electric utility substation design, engineering and construction; telecom infrastructure design, engineering and construction; [and] solar electricity power plant construction services." Def.'s Resp., Ex. 1 [Doc. No. 98-

---

[1] While Plaintiff's motion for leave [Doc. No. 78] was pending, but before Plaintiff filed his second motion for leave [Doc. No. 104], Plaintiff filed his Motion for Rule 23 Class Certification [Doc. No. 94].

1], ¶ 2. As part of its business, Fusion employed a small number of welders as "wage employees," but also contracted out welding work on some projects, "on a case-by-case basis." *Id.*, ¶ 3. Fusion, however, has not used any contract welders since 2019. *Id.*, ¶ 5.

Plaintiff was a contract welder for Fusion from January 2018 to August 2018. Plaintiff performed welding services on "various oil and gas equipment" and was paid by Fusion on an hourly basis. Each of the putative class members were also allegedly paid hourly and classified by Fusion as independent contractors. Plaintiff claims that he and the putative class members were often required to work over forty hours per week, but were not afforded overtime pay due to their classification as independent contractors. Plaintiff further alleges, therefore, Fusion violated the NMMWA by misclassifying contract welders, including himself, as independent contractors, instead of employees. By misclassifying contract welders, Plaintiff claims Fusion "illegally denied Plaintiffs compensation at time and one half their regular rates of pay for all hours worked over 40 in a workweek."

### *Standard of Decision*

The class action is "an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Califano v. Yamasaki,* 442 U.S. 682, 700–701 (1979). To obtain certification of a class action, Plaintiff must affirmatively demonstrate his compliance with Rule 23 by proving that the prerequisites to certification are met. *See Wal-Mart Stores, Inc. v. Dukes*, 564 U.S. 338, 350 (2011). Plaintiff must satisfy all four parts of Rule 23(a) and a least one provision of Rule 23(b). *See Comcast Corp. v. Behrend*, 569 U.S. 27, 33 (2013). Rule 23(a) requires: (1) numerosity, (2) commonality, (3)

typicality, and (4) adequacy of representation. *Id.*; *see Dukes*, 564 U.S. at 349. As for Rule 23(b), Plaintiff relies on Rule 23(b)(3), which requires that "questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy." FED. R. CIV. P. 23(b)(3).

## *Discussion*

### I.  Federal Rule of Civil Procedure 23 and the FLSA

There is one threshold argument the Court must address before moving to the merits of Plaintiff's Rule 23 arguments. In its response, Fusion argues that the "opt out" procedure provided for in Rule 23 "should not be allowed where it would conflict with the specific opt-in collective action rule that applies to FLSA classification/overtime claims." Def.'s Resp. at 16-17.[2] It appears this argument was premised on the assumption that Plaintiff would move to certify an NMMWA class alongside an FLSA collective action. *See id.* However, on August 16, 2023, Plaintiff filed his second amended complaint, which made clear that Plaintiffs Javier Garza, Ronnie Hernandez, Sergio Reyes, Nathaniel Arrisola, Eden Cantu, and Aaron Estrada bring their FLSA claims "in their individual capacities, and not as a collective action as that term is understood under 29 U.S.C. § 216(b)." *See* Sec. Am. Compl. [Doc. No. 115] at 2.

The Court acknowledges that Fusion did not have the benefit of knowing that Plaintiff would amend his complaint to dispense with his FLSA collective action claim.

---

[2] All citations to page numbers in filed documents reference the ECF-stamped page number at the top of each document.

Upon review of the authority Fusion cites in its response, the Court determines that there is nothing inherently inconsistent about the individually named plaintiffs bringing individual FLSA claims alongside Plaintiff seeking to certify a Rule 23 class under the NMMWA. The Court will, therefore, address the merits of Plaintiff's Rule 23 arguments.

## II.     Federal Rule of Civil Procedure 23(a)

As noted, Federal Rule of Civil Procedure 23(a) sets out four threshold requirements for certification of a class action: (1) the class is so numerous that joinder of all members is impracticable; (2) questions of law or fact are common to the class; (3) the claims or defenses of the class representative are typical of the claims or defenses of the other prospective class members; and (4) the class representative will fairly and adequately protect the interests of the class. FED. R. CIV. P. 23(a). These requisite elements are commonly referred to as numerosity, commonality, typicality, and adequacy of representation. *See Trevizo v. Adams*, 455 F.3d 1155, 1161-62 (10th Cir. 2006).

"A party seeking class certification must show '*under a strict burden of proof*' that all four requirements are *clearly* met." *Id.* at 1162 (quoting *Reed v. Bowen*, 849 F.2d 1307, 1309 (10th Cir. 1988)) (emphasis added). The Court, in turn, "must engage in its own 'rigorous analysis' of whether 'the prerequisites of Rule 23(a) have been satisfied.'" *Shook v. El Paso Cnty.*, 386 F.3d 963, 968 (10th Cir. 2004) (quoting *Gen. Tel. Co. of the Sw. v. Falcon*, 457 U.S. 147, 161 (1982), cert. denied, 544 U.S. 978 (2005)). "Granting or denying class certification is a highly fact-intensive matter of practicality." *Monreal v. Potter*, 367 F.3d 1224, 1238 (10th Cir. 2004). "Each case must be decided on its own facts, on the basis

6

of 'practicalities and prudential considerations.'" *Reed*, 849 F.2d at 1309 (quoting *United States Parole Comm'n v. Geraghty*, 445 U.S. 388, 404 n.11 (1980)).

In assessing the sufficiency of the evidence regarding class certification, the substantive allegations of the complaint are accepted as true, and the merits of the claims are not considered. *Shook*, 386 F.3d at 968. The Court is not permitted "to conduct a preliminary inquiry into the merits of a suit in order to determine whether it may be maintained as a class action." *Eisen v. Carlisle & Jacquelin*, 417 U.S. 156, 177 (1974). However, the nature of the claims or defenses to be resolved may be considered as they bear on the certification issues to be determined. *Joseph v. Gen. Motors Corp.*, 109 F.R.D. 635, 637–38 (D. Colo. 1986); *see also Behrend*, 569 U.S. at 33-34 (holding that a Rule 23 analysis "will frequently entail 'overlap with the merits of the plaintiff's underlying claim' because the 'class determination generally involves considerations that are enmeshed in the factual and legal issues comprising the plaintiff's cause of action'") (quoting *Dukes*, 564 U.S. at 351) (cleaned up).

### A.   Numerosity

Numerosity is satisfied if "the class is so numerous that joinder of all members is impracticable." FED. R. CIV. P. 23(a)(1). Plaintiff asserts that it would be impracticable to "join more than 30 individual 'contractor' welders as plaintiffs in this case." *See* Pl.'s Mot. Class Cert. at 25. On the other hand, Fusion argues that this case does not contain enough putative class members to meet the numerosity requirement and, in any event, the realities surrounding the putative class members render class treatment inappropriate. *See* Def.'s Resp. at 19.

In certain situations, the sheer number of putative class members may render joinder impracticable. *See, e.g.*, *Or. Laborers Emps. Pension Tr. Fund v. Maxar Techs. Inc.*, No. 19-cv-0124-WJM-SKC, 2021 WL 3021461, at *2 (D. Colo. July 16, 2021) ("Given the millions of shares that changed hands during the Class Period, it is likely that there are hundreds, if not thousands, of class members. This fact supports numerosity."); *see also* NEWBERG AND RUBENSTEIN ON CLASS ACTIONS § 3:12 (6th ed.) ("Class actions under Rule 23 have involved classes numbering in the hundreds, thousands, and even millions. In such cases, the impracticability of bringing all class members before one court is obvious and the Rule 23(a)(1) requirement is easily met.").[3] But, as here, that is not always the case. Plaintiff alleges there are 30-40 putative class members, and Fusion states there are, at most, 43 putative class members. The parties' estimates place this case in the "gray area" where joinder is neither presumptively practical nor presumptively impractical. *See* NEWBERG AND RUBENSTEIN ON CLASS ACTIONS § 3:12 (6th ed.).

Plaintiff seems to concede that, on its face, the size of the putative class here does not satisfy the numerosity requirement. *See* Pl.'s Mot. Class Cert. at 23. Accordingly, Plaintiff argues that the Court should look to "additional factors that courts consider in assessing the practicability of joinder." *Id.* These factors include: "judicial economy arising

---

[3] Although other circuits have held that numerosity may be presumed at a certain number of putative class members, the Tenth Circuit has rejected such a presumption. *See Trevizo*, 455 F.3d at 1162 ("The plaintiffs argue that the district court should have followed cases from other jurisdictions which hold numerosity may be presumed at a certain number. Our circuit has never adopted such a presumption. To the contrary, we have specifically stated there is 'no set formula to determine if the class is so numerous that it should be so certified.'") (quoting *Rex v. Owens ex rel. State of Okla.,* 585 F.2d 432, 436 (10th Cir. 1978)) (internal citations omitted).

from avoidance of a multiplicity of actions, geographic dispersion of class members, size of individual claims, financial resources of class members, and the ability of claimants to institute individual suits." *See* NEWBERG AND RUBENSTEIN ON CLASS ACTIONS § 3:12 (6th ed.); *see also* Pl.'s Mot. Class Cert. at 23 (quoting NEWBERG AND RUBENSTEIN ON CLASS ACTIONS § 3:12 (5th ed.)). Here, the above-mentioned factors cut against certification and, to the extent relevant, are addressed in turn.[4]

### 1. Geographic Dispersion

Plaintiff claims that putative class members are "widely disbursed and live in different states," though he does not cite any evidence to support that claim. *See* Pl.'s Mot. Class Cert. at 24. Looking to other potential sources of evidence, Plaintiff's second amended complaint alleges that the Opt-in Plaintiffs reside in the Texas cities of Porter, Mathis, Edcouch, Pettus, Edinburg, and Beeville. *See* Pl.'s Sec. Am. Compl., ¶¶ 7-12. Each of these cities is located in southern Texas. At one point in its response, Fusion claims "[o]f the 45 FLSA collective group members, which includes all 42 potential Rule 23 class members, 43 reside in Texas and three reside in Oklahoma." Def.'s Resp. at 15. Later in its response, Fusion claims that "all 43" putative class members reside in Texas. *Id.* at 19. Like

---

[4] The Court need only address Rule 23(a)'s numerosity requirement, as it is dispositive of Plaintiff's motion. *See Trevizo*, 455 F.3d at 1163 n.5 ("The City also argues the district court should have denied certification on the fourth element—adequacy of representation. Because we hold the district court did not abuse its discretion in denying class certification based on numerosity and commonality, and because either or both of those elements are sufficient to support its decision, we need not explore additional reasons not relied upon below."); *see also Rojas v. Westco Framers, LLC*, No. 15-cv-0168-WJM-KLM, 2016 WL 11692344, at *3 (D. Colo. Oct. 24, 2016) ("Because Plaintiffs do not demonstrate numerosity, they fail to meet their burden of proving the requirements of Rule 23(a).").

Plaintiff, Fusion does not cite any direct evidence to support its claim, though it does cite to Rhonda Maston's affidavit [Doc. No. 98-1] and her statement that Fusion provided contact information for all putative class members. Based on the limited evidence before the Court, this lack of geographic dispersion, particularly when considered with other factors discussed below, does not make joinder impracticable.

Several cases are helpful on this point and cut against Plaintiff's argument that joinder would be impracticable. In *Sanft v. Winnebago Indus., Inc.*, plaintiff sought to certify a 51-person class of employees who made deferrals into one of two employer compensation plans and were vested to receive benefits under one of the plans, but whose benefits were reduced by the employer. 214 F.R.D. 514, 517 (N.D. Iowa 2003). Defendant argued that the putative class members' lack of geographic dispersion weighed against a finding of numerosity. *Id.* at 522-23. Specifically, defendant argued that, because "most of the class members live in northern Iowa," geographical dispersion of the class members was sufficiently limited. *Id.* at 523. The court acknowledged that "a finding of geographic dispersion generally supports a finding of numerosity because such a finding supports the proposition that joinder is impracticable." *Id.* The court nonetheless concluded that "where most of the potential class members live in northern Iowa, no finding of geographic dispersion can be made and therefore this factor does not weigh in favor of a finding that the numerosity requirement has been satisfied." *Id.*

In *Jaynes v. United States*, a group of shipwrights sued to recover money damages stemming from the government failing to pay "high pay" pursuant to the applicable collective bargaining agreement and Office of Personnel Management regulations. 69 Fed.

10

Cl. 450, 451 (2006). Plaintiffs estimated a putative class size of 258 members. *Id.* at 454. In its original order on class certification, the court found that plaintiffs failed to satisfy Rule 23(a)(1) of the Rules of the United States Court of Federal Claims—*i.e.*, the numerosity requirement.[5] In its order on plaintiffs' motion to reconsider, the court again concluded that plaintiffs failed to satisfy the numerosity requirement. Specifically, the court reasoned: "Given that, according to the latest information available to the Court, 74 percent of the putative class members work at the same facility and at least 81 percent of the class members reside within the same state, the geographic proximity factor must weigh heavily in the Court's analysis of impracticability." *Id.*

Although none of the contract welders still work for Fusion, the vast majority of—if not all—putative class members reside in Texas. *See* Def.'s Resp. at 19. Moreover, each of the welder's "identities are readily discernible and ascertainable from Fusion's business records." Pl.'s Mot. Class Cert. at 24. Indeed, "[f]ull contact information for all persons covered by the Court's conditional certification order (Doc. No. 69) – including every subcontractor for Fusion who worked in any state, including New Mexico – was delivered on May 12, 2022." Def.'s Resp. at 15. "Where, as here, the class members are both geographically proximate and easily identified and located by means of defendant's records, joinder is more likely practicable even in light of a large class population." *Jaynes*, 69 Fed. Cl. at 455; *see also Trevizo*, 455 F.3d at 1162 (affirming district court's conclusion

---

[5] Rule 23 of the Rules of the United States Court of Federal Claims is "largely modeled upon FRCP 23." *Jaynes*, 69 Fed. Cl. at 453 n.8. Indeed, the language of the numerosity requirement in each rule is identical. *Compare* RCFC 23(a)(1), *with* FED. R. CIV. P. 23(a)(1).

11

that numerosity was not met, in part, because there was not "any problem locating the remaining individuals for joinder since all the names and addresses of potential plaintiffs had been provided during discovery").

Plaintiff cites *Kirven v. Cent. States Health & Life Co. of Omaha*, No. 3:11–cv–2149–MBS, 2014 WL 12734325 (D.S.C. Dec. 12, 2014) to support his contention that the contract welders "are widely disbursed and live in different states, further making their joinder into this lawsuit impracticable." *See* Pl.'s Mot. Class Cert. at 24. There, the court preliminarily certified a class for settlement purposes and found that a class consisting of at least 36 members satisfied Rule 23(a)'s requirements. *See Kirven*, 2014 WL 12734325, at *4-5. Regarding numerosity, the court, in considering "the location of the members of the class," noted that the "proposed members of the class are widely disbursed throughout South Carolina." *Id.* But the court's finding was not premised exclusively, or even primarily, on that fact. Indeed, the court also found the financial burden of bringing individual lawsuits weighed in favor of a finding of numerosity, "given the small refunds due some policyholders." *Id.* at *5. As discussed below, the same concern does not appear to be present in this case, as many of the putative class members' claims could very well exceed $10,000, before considering attorney fees, costs, or punitive damages. *See* Def.'s Resp., Ex. 1, ¶ 19. Plaintiff does not present any evidence disputing this, instead focusing on non-economic realities allegedly facing a number of the putative class members. *See* Pl.'s Mot. Class Cert. at 23-25; *see also* Pl.'s Reply at 7-8.

In sum, the limited evidence before the Court suggests that the putative class members in this case live in Texas, and that their contact information is readily accessible

by Plaintiff's counsel. Indeed, the only specific evidence before the Court regarding putative class members' locations are the allegations in the second amended complaint that each of the Opt-in Plaintiffs live in southern Texas. Therefore, Plaintiff has not met his burden in establishing that joinder is impracticable. This is especially true when the limited geographic dispersion is considered with the additional factors below.

### 2. Size of Individual Claims

As mentioned above, Fusion presents evidence that, for at least 25 of the putative class members, their individual claims could be well over $10,000. *See* Def.'s Resp., Ex. 1, ¶ 19. Rhonda Maston, Fusion's Human Resources Director, states in her affidavit that, "[b]ased on hours submitted by each welding subcontractor at the 3Bear project, the value of any alleged individual overtime claim, exceeds $10,000.00 for at least 25 of the putative claimants." *Id.*; *see also* N.M. STAT. ANN. § 50-4-26. Plaintiff does not present any evidence to the contrary, instead focusing on language barriers, lack of familiarity with the American legal system, and potential retaliation for bringing an individual lawsuit. *See* Pl.'s Mot. Class Cert., Ex. 5, ¶ 18. This factor, therefore, weighs against a finding of numerosity.

### 3. Ability of Claimants to Bring Individual Suits

Plaintiff claims that many of the putative class members are not native English speakers, "thus rendering them vulnerable because they would face a more-difficult time navigating the complex judicial system if left to their own devices." Pl.'s Mot. Class Cert. at 24. Relatedly, he contends that many "do not have a formal post-high-school education"

and are "generally not legally sophisticated and do not have much (if any) experience navigating the American legal system." Pl.'s Mot. Class Cert., Ex. 5, ¶ 18.

*Trevizo* is helpful in analyzing this element and does not support Plaintiff's assertions. There, "owners, employees, and customers" of a "Latino-owned business" filed a § 1983 action against Salt Lake City and individual law enforcement officers. 455 F.3d at 1158. "After discovery was closed, but before the motions deadline passed," the plaintiffs moved for class certification. *Id.* at 1159. Plaintiffs relied, in large part, on the purported reality that the "remaining [eighty-four] potential class members may be deterred from joining the litigation as named plaintiffs because (1) their English was limited, and (2) they were fearful of the legal system." *Id.* at 1162. The Tenth Circuit rejected plaintiffs' argument and affirmed the district court's finding that this line of argument was unpersuasive:

> The district court found this argument unpersuasive, noting that many of the named plaintiffs also spoke little or no English, yet they had managed to file claims. Further, the court found the plaintiffs had failed to demonstrate any factual basis for concluding the remaining individuals were deterred from filing claims based on some unique fear of the legal system. The only indication submitted was a vague and conclusory affidavit by one plaintiff that purported to describe the motives of others. The district court found the solitary affidavit inadequate to support the serious allegations underlying the argument, especially since the plaintiffs had access to the other individuals yet took no steps to obtain specific facts relevant to their reasons for not suing the City. In any event, even if the class were certified, the remaining individuals would eventually have had to come forward to join the class irrespective of their views about the judicial process.

*Id.*

Here, in arguing that putative class members cannot, or would not, bring their own individual suits, Plaintiff relies exclusively on his own affidavit. *See* Pl.'s Mot. Class Cert.

14

at 24 (citing Plaintiff's affidavit). Aside from Plaintiff's own statements, however, there is nothing in Plaintiff's motion supporting the argument that putative class members have limited English or are fearful of the American legal system. Like the district court in *Trevizo*, the Court finds Plaintiff's affidavit "inadequate to support the serious allegations underlying" his arguments. *See Trevizo*, 455 F.3d at 1162; *see also Sanft*, 214 F.R.D. at 524 ("The financial resources of the individuals in this group is not disclosed in the record before the court and the court is unwilling to make the assumption that this class of individuals lacks the financial resources to institute individual lawsuits. Therefore, the court cannot conclude that this factor supports a finding that the numerosity requirement has been satisfied in this case."); *Francis v. APEX USA, Inc.*, No. CIV-18-583-SLP, 2021 WL 4487985, at *5 (W.D. Okla. Sept. 30, 2021) (finding lack of numerosity and noting, with regard to plaintiffs' alleged lack of proficiency in English, that the submitted evidence "at best, addresses whether the class members' native language is a language other than the English language" but that "the evidence wholly fails to address whether any class member is sufficiently proficient in the English language").[6]

---

[6] Plaintiff's affidavit in this case does not even appear to go as far as the affidavit in *Trevizo*. Indeed, Plaintiff's affidavit states that "the majority of 'contractor' welders that work on Fusion's projects are non-native English speakers" and they "speak Spanish as a first language." *See* Pl.'s Mot. Class Cert., Ex. 5, ¶ 18. Although it may at times be logical to assume that a Spanish-first speaker's English is limited, the Court, in holding Plaintiff to the "strict burden" he is required to meet, is not willing to make that assumption. *See Trevizo*, 455 F.3d at 1162; *see also Francis*, 2021 WL 4487985, at *5 ("Although this Court has wide latitude in making the numerosity determination and, therefore, the court may make 'rational inferences' from the evidence, such inferences must be based on evidence.").

15

It is also worth noting that, despite Plaintiff claiming a lack of familiarity with the American legal system and potential financial barriers make joinder impractical, six putative class members—Plaintiff and the Opt-in Plaintiffs—have joined the lawsuit. Although approximately 1/7 of putative class members is not an overwhelming number, it does cut against Plaintiff's argument, especially considering that Plaintiff has, or can easily obtain from Fusion, contact information for the remaining putative class members. *See Rojas*, 2016 WL 11692344, at *3 ("Since Plaintiffs neither argue nor demonstrate that Westco does not have the names of the remaining [putative class members], the Court does not find that these names are unavailable to Plaintiffs. Accordingly, the small number [sic] non-joined [putative class members] may be identifiable from records originating from a single source, namely, Westco.").

### 4. Fear of Retaliation

Plaintiff next claims that putative class members "may also fear retaliation or 'blackballing' if they were forced to bring individual suits to enforce their rights under the NMMWA against a former employer like Fusion." *See* Pl.'s Mot. Class Cert. at 24. Fusion counters that none of the putative class members are "still receiving projects from Fusion going back to before this case was filed, and nobody associated with Fusion made any contact whatsoever with them after this case was filed." *See* Def.'s Resp. at 19.

The Court finds the record insufficient to support either party's argument. Like his argument regarding putative class members' ability, or willingness, to bring individual suits, Plaintiff relies exclusively on his own affidavit. *See* Pl.'s Mot. Class Cert. at 24 (citing Plaintiff's affidavit). Fusion does not cite any specific evidence to support its position, but

16

does relatedly state that it has not "relied on contractors to perform welding work since 2019." *See* Def.'s Resp. Ex. 1. ¶ 5. Based on the evidence before the Court, it is unclear who, if anyone, putative class members fear would retaliate against them for bringing an individual suit. It appears unlikely that Fusion would have any reason to retaliate, considering they have not hired contract welders since 2019. Assuming without deciding that putative class members fear retaliation from other companies that use contract welders, there is no evidence who those companies are or why filing an individual lawsuit against Fusion would cause another company to "blackball" putative class members.

## *Conclusion*

For these reasons, the Court finds that Plaintiff has failed to satisfy Rule 23(a)'s numerosity requirement. His motion, therefore, fails.

**IT IS THEREFORE ORDERED** that Plaintiff's Motion for Rule 23 Class Certification [Doc. No. 94] is **DENIED**.

**IT IS SO ORDERED** this 26th day of September, 2023.

_____
TIMOTHY D. DeGIUSTI
Chief United States District Judge